UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                   )   Case No. 06-20701-C-7
                                        )
CYNTHIA DIANN WARD,                     )   MC No. AB-1
                                        )
         Debtor.                        )
_____)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**
**ON MOTION FOR RELIEF FROM AUTOMATIC STAY**

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014. Evidence was taken pursuant to Federal Rule of Civil Procedure 43(e), as incorporated by Federal Rule of Bankruptcy Procedure 9017 and as invoked by Local Bankruptcy Rule 9014(e).

Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

## Findings of Fact

Debtor filed this voluntary chapter 7 petition on March 17, 2006. She scheduled a 1999 Golden West Mobile Home ("property") as property of the estate. The property was not claimed as exempt. The chapter 7 trustee filed a report finding that there is no property available for distribution from the estate over and above that exempted by the debtor. The debtor's statement of intent indicates she intends to surrender the property.

On May 10, 2006, JP Morgan Chase Bank ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to foreclose upon the property. The value of the property is $30,000. Movant holds a lien on the property in the approximate amount of $48,221.44. The court is not aware of any other liens against the property. Upon review of the record, the court determined that the written record was adequate and that no oral argument is necessary.

## Conclusions of Law

The automatic stay of acts against the debtor <u>in personam</u> and of acts against property other than property of the estate continues until the earliest of the time when the bankruptcy case is closed, dismissed, or an individual in a chapter 7 case is granted a discharge. 11 U.S.C. § 362(c).

However, the automatic stay may be terminated earlier if debtors fail to adequately protect the secured party's interest, § 362(d)(1), and, with respect to a stay of an act

against property, the debtors do not have equity in the property, § 362(d)(2)(A), and the property is not necessary to an effective reorganization. § 362(d)(2).

Because debtor intends to surrender the property and because there is no equity in the property, the motion will be granted.

An appropriate order will issue.

Dated: May 31, 2006

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Cynthia Diann Ward
9460 Emerald Cove Lane
Elk Grove, CA 95758-3612

Mark A. Wolff
8861 Williamson Dr. #30
Elk Grove, CA 95624-7920

Michael Burkart
5150 Fair Oaks Blvd. #101-185
Carmichael, CA 95608

Gary L. Barr
Mark S. Blackman
6345 Balboa Blvd., Suite 1-300
Encino, CA 91316-1523

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Dated: 6/1/06

_____
Deputy Clerk